UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **JESHUA ROSADO**<br><br>**Plaintiff,**<br><br>v.<br><br>**TRANS UNION, LLC, and EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**Defendants.** | **Case No.:**<br><br>**ORIGINAL COMPLAINT FOR VIOLATIONS OF FCRA**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. Plaintiff, Jeshua Rosado (Plaintiff), by and through their undersigned counsel, brings this action against Defendants, Equifax Information Services LLC (Equifax), Experian Information Solutions Inc. (Experian), and Trans Union LLC (Trans Union) regarding their violations of the FCRA.

2. The violations are described below with specificity, this complaint alleges violation of the statute cited in its entirety.

3. Unless otherwise indicated, the use of the Defendants' names in this complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogates, representatives, and insurers of Defendants named.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arrives pursuant to 28 U.S.C. § 1331 and the FCRA.

5. This action arises out of the Defendants' violations of the FCRA.

6. As each of the Defendants conducts business within the State of Florida,

Personal Jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

8. Plaintiff is a natural person who is domiciled and resides in the State of Florida.

9. Any violations by the Defendants were known, willful, and intentional, and the Defendants did not maintain procedures reasonably adapted to avoid such violations.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681(a)(c).

11. Each of the Defendants are foreign companies operating within the State of Florida.

12. Equifax, Experian, and Trans Union are "consumer reporting agenc[ies]" as determined and defined in 15 U.S.C. § 1681(a)(f).

## FACTS AND ALLEGATIONS

13. On information and belief—on a date better known to Defendants—the Defendants prepared and issued credit reports concerning Plaintiff that included information relating to various accounts listed on their credit report.

14. These accounts included, but were not limited to, CAPITAL ONE (account number: 517805904720); DEPTEDNELNET (account number: 900000652712459); DEPTEDNELNET (account number: 900000652712359); DEPTEDNELNET (account number: 900000652711759); DEPTEDNELNET (account number: 900000652711859); DEPTEDNELNET (account number: 900000652712859); DEPTEDNELNET (account number: 900000652712759); JEFFERSON CAPITAL SYST (account number: 3506495489); DEPTEDNELNET (account number: 900000652711959); DEPTEDNELNET (account number: 900000652712059); DEPTEDNELNET (account number: 900000652712159); DEPTEDNELNET (account number: 900000652712259); I C SYSTEM (account number:

134834242); NATIONAL CREDIT ADJUST/NCA (account number: 4057310425838767); DEPTEDNELNET (account number: 900000652712659); DEPTEDNELNET (account number: 900000652712559); DEPTEDNELNET (account number: 900000652712759); JEFFCAPSYS (account number: 3506495489003).

15. These credit reporting agencies have been reporting inaccurately through the issuance of false and inaccurate credit information and consumer reports that are disseminated to various persons and credit grantors, both known and unknown.

16. Plaintiff notified these credit reporting agencies that they disputed the accuracy of the information on or about May 06, 2024.

17. Plaintiff included in their dispute, items verifying their identification, such as their address, date of birth, and partial social security number.

18. Despite the dispute by Plaintiff, that the information on their consumer report was inaccurate with respect to the disputed accounts, these credit reporting agencies did not timely evaluate or consider any of the information, claims, or evidence of Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate.

19. These credit reporting agencies violated 15 U.S.C. § 1681i(A)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed inaccuracies within 30 days of receiving Plaintiff's dispute letter.

20. Notwithstanding Plaintiff's efforts, the Defendants continued to publish and disseminate such inaccurate information to other parties, persons, entities, and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

21. As a result of the Defendants' failure to comply with the FCRA, the Plaintiff has

suffered concrete harm in the form of a loss of credit, loss of ability to purchase and benefit from credit, a negative effect on applications for future credit, and mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

## CAUSES OF ACTION

### COUNT I: WILLFUL VIOLATION OF THE FCRA (as to ALL DEFENDANTS)

22. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length.

23. This is an action for willful violation of the FCRA.

24. Defendants violated 15 § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of a credit report and credit files that Defendant's maintained concerning Plaintiff.

25. Trans Union continued to show inaccurate account information. Trans Union continued to show a past due balance for CAPITAL ONE (account number: 517805904720) which was in error; Trans Union continued to show a past due balance for NCA (account number: 4057310425838767) which was in error; and Trans Union failed to correct inaccurate information for JEFFCAPSYS (account number: 3506495489003).

26. Equifax continued to show inaccurate account information. Equifax continued to show a past due balance for CAPITAL ONE (account number: 517805904720) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712459) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712359) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652711759) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account

number: 900000652711859) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712859) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712759) which was in error; Equifax continued to show a past due balance for JEFFERSON CAPITAL SYST (account number: 3506495489) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652711959) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712059) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712159) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712259) which was in error; Equifax deleted and then readded a past due balance for I C SYSTEM (account number: 134834242) which was in error; Equifax continued to show a past due balance for NATIONAL CREDIT ADJUST (account number: 4057310425838767) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712659) which was in error; and Equifax failed to correct inaccurate information for DEPTEDNELNET (account number: 900000652712559).

  27. Experian continued to show inaccurate account information. Experian continued to show a past due balance for CAPITAL ONE (account number: 517805904720) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712459) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712359) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652711759) which was in error; Experian continued to show a past due balance for

DEPTEDNELNET (account number: 900000652711859) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712859) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712759) which was in error; Experian continued to show a past due balance for JEFFERSON CAPITAL SYST (account number: 3506495489) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652711959) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712059) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712159) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712259) which was in error; Experian deleted and then readded a past due balance for I C SYSTEM (account number: 134834242) which was in error; Experian deleted and then readded a past due balance for NATIONAL CREDIT ADJUST (account number: 4057310425838767) which was in error; Experian deleted and then readded a past due balance for DEPTEDNELNET (account number: 900000652712659) which was in error; and Experian failed to correct inaccurate information for DEPTEDNELNET (account number: 900000652712559).

28.   Defendants have willfully and recklessly failed to comply with the FCRA as to the accounts listed above. The failure of Defendants to comply with the FCRA includes but are not necessarily limited to the following:

> i.   the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    ii.    the failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    iii.    the failure to remove and/or correct the inaccuracies and derogatory credit information after a reasonable request by the Plaintiff;

    iv.    the failure to promptly and adequately investigate information of which Defendants had notice was inaccurate;

    v.    the continual placement of inaccurate information on the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    vi.    the failure to continuously note in the credit report that Plaintiff disputed the accuracy of the information;

    vii.    the failure to properly delete information that was found to be inaccurate or could be verified, or that source of information had advised Defendants to delete; and

    viii.    the failure to take adequate steps to verify information Defendants had reason to believe was inaccurate before including it in the credit report of the consumer.

29.    As a result of the conduct, action, and inaction of Defendants, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from the credit, chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

30.    The conduct, action, and inaction of Defendants were willful, rendering Defendants liable for actual, statutory, and punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

31.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendants in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

32.    As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681(o)(a)(1), and reasonable attorney's fees and costs,

pursuant to 15 U.S.C. § 1681(o)(a)(2), from each defendant.

33. As a result of each and every violation of FCRA, Plaintiff is entitled to actual damages or damages of not more than $1,000.00 and such amount as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(1)(A); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681(n)(a)(3) from each defendant.

**COUNT II: NEGLIGENT VIOLATION OF THE FCRA (as to ALL DEFENDANTS)**

34. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length.

35. This is an action for negligent violation of the FCRA.

36. Defendants violated 15 U.S.C. § 1682i(A) by failing to delete inaccurate information from the credit report of the Plaintiff after receiving actual notice of said inaccuracies and conducting re-investigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

37. Trans Union continued to show inaccurate account information. Trans Union continued to show a past due balance for CAPITAL ONE (account number: 517805904720) which was in error; Trans Union continued to show a past due balance for NCA (account number: 4057310425838767) which was in error; and Trans Union failed to correct inaccurate information for JEFFCAPSYS (account number: 3506495489003).

38. Equifax continued to show inaccurate account information. Equifax continued to show a past due balance for CAPITAL ONE (account number: 517805904720) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712459) which was in error; Equifax continued to show a past due balance for

DEPTEDNELNET (account number: 900000652712359) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652711759) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652711859) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712859) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712759) which was in error; Equifax continued to show a past due balance for JEFFERSON CAPITAL SYST (account number: 3506495489) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652711959) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712059) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712159) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712259) which was in error; Equifax deleted and then readded a past due balance for I C SYSTEM (account number: 134834242) which was in error; Equifax continued to show a past due balance for NATIONAL CREDIT ADJUST (account number: 4057310425838767) which was in error; Equifax continued to show a past due balance for DEPTEDNELNET (account number: 900000652712659) which was in error; and Equifax failed to correct inaccurate information for DEPTEDNELNET (account number: 900000652712559).

39. Experian continued to show inaccurate account information. Experian continued to show a past due balance for CAPITAL ONE (account number: 517805904720) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712459) which was in error; Experian continued to show a past due balance for

DEPTEDNELNET (account number: 900000652712359) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652711759) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652711859) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712859) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712759) which was in error; Experian continued to show a past due balance for JEFFERSON CAPITAL SYST (account number: 3506495489) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652711959) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712059) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712159) which was in error; Experian continued to show a past due balance for DEPTEDNELNET (account number: 900000652712259) which was in error; Experian deleted and then readded a past due balance for I C SYSTEM (account number: 134834242) which was in error; Experian deleted and then readded a past due balance for NATIONAL CREDIT ADJUST (account number: 4057310425838767) which was in error; Experian deleted and then readded a past due balance for DEPTEDNELNET (account number: 900000652712659) which was in error;  and Experian failed to correct inaccurate information for DEPTEDNELNET (account number: 900000652712559).

40. Defendants have negligently failed to comply with the acts to the accounts listed above. The failure of Defendants to comply with the FCRA includes, but is not necessarily

limited to the following:

 i. the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

 ii. the failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

 iii. the failure to remove and/or correct the inaccuracies and derogatory credit information after a reasonable request by the Plaintiff;

 iv. the failure to promptly and adequately investigate information of which Defendant had notice was inaccurate;

 v. the continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

 vi. the failure to continuously note in the credit report that Plaintiff disputed the accuracy of the information;

 vii. the failure to properly delete information that was found to be inaccurate, or could not be verified, or that source of the information had advised Defendants to delete; and

 viii. the failure to take adequate steps to verify information Defendants had reason to believe was inaccurate before including it in the credit report of the consumer.

41. As a result of the conduct, action, and inaction of Defendants, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

42. The conduct, action, and inaction of Defendants were negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

43. The Plaintiff is entitled to recover reasonable attorney's fees and costs from Defendants in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681(o). As a result of each and every negligent violation of FCRA, Plaintiff is entitled to actual

damages, pursuant to 15 U.S.C. § 1681(o)(a)(1) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681(o)(a)(2) from each defendant.

44.     As a result of each and every violation of FCRA, Plaintiff is entitled to actual damages or damages of not more than $1,000.00 and such amount as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(1)(A); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681(n)(a)(3) from each defendant.

## REQUESTED RELIEF

45.     Plaintiff demands judgment in their favor against Defendants for damages together with attorney's fees, and court costs pursuant to the FCRA:

   i.    an award of actual damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681(o)(a)(1) against each defendant for each incident of negligent noncompliance of FCRA;

   ii.   an award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681(n)(a)(3) and against each defendant for each incident of negligent noncompliance of FCRA;

   iii.  an award of actual damages in the amount to be determined by the Court or damages of a maximum of $1,000.00 pursuant to 15 U.S.C. § 1681(n)(a)(1)(A), against each defendant for each incident of willful noncompliance of FCRA;

   iv.   an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2), against each defendant for each incident of willful noncompliance to the FCRA;

   v.    an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681(n)(a)(3) and 15 U.S.C. § 1681(o)(a)(2) against each defendant for each incident of noncompliance of FCRA; and

   vi.   any and all other relief the Court deems just and proper.

        Respectfully submitted,

        */s/ Matthew R. McCarley*
        Matthew R. McCarley
        McCarley@ForesterHaynie.com
        TX Bar No. 24041426
        *\*To be admitted Pro Hac Vice*

        **FORESTER HAYNIE PLLC**
        11300 North Central Expressway, Suite 550
        Dallas, Texas 75243
        Telephone: (214) 210–2100

        **ATTORNEY FOR THE PLAINTIFF**

        *By: /s/ Brian J. Holland*
        Brian J. Holland, Esq.
        FBN: 1002252
        *Local Counsel for Plaintiff*

        **LAW OFFICE OF BRIAN HOLLAND, P.A.**
        300 SW 1st Avenue
        Suite 155
        Fort Lauderdale, FL 33301
        Tel: 954-283-4864
        Holland@brianhollandlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, pursuant to the Fed. R. Civ. P. Rule 18, hereby demands and respectfully requests a trial by jury for all claims and issues in this Complaint to which Plaintiff is or may be entitled to a jury trial.

        */s/    Matthew R. McCarley*

        Matthew R. McCarley